**FILED & ENTERED**

**DEC 04 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell DEPUTY CLERK**

## OPINION NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL JOSEPH KILROY,<br><br>    Debtor and Debtor in Possession. | Case No. 2:15-bk-15708-RK<br><br>Chapter 11<br><br>**MEMORANDUM DECISION AND ORDER DENYING APPLICATION OF STATE COURT RECEIVER ROBERT C. WARREN III TO EMPLOY EPPS & COULSON, LLP, AS CUSTODIAN'S LEGAL COUNSEL *NUNC PRO* TUNC FROM THE FILING OF THE BANKRUPTCY PETITION**<br><br>DATE:   November 24, 2015<br>TIME:   3:00 p.m.<br>PLACE:  Courtroom 1675<br>            Roybal Federal Bldg.<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

      Pending before the court is the Application of State Court Receiver Robert C. Warren III to Employ Epps & Coulson, LLP as Custodian's Legal Counsel *Nunc Pro Tunc* from the Filing of the Bankruptcy Petition ("Application"). ECF 87. Robert C. Warren III,

State Court Receiver and Custodian ("Custodian"), brings the Application to employ Epps & Coulson LLP ("E&C") as Custodian's counsel and for E&C to be employed pursuant to 11 U.S.C. § 330.

On July 15, 2015, Michael Joseph Kilroy ("Debtor") filed an opposition to the Application. ECF 97. On September 29, 2015, Custodian filed a notice of hearing on the Application, ECF 131, which set the hearing on the Application for October 28, 2015. On October 19, 2015, Custodian filed a reply to Debtor's opposition. ECF 146. Per the court's order, ECF 154, the initial hearing on the Application was continued to November 4, 2015 so that the Application would be heard concurrently with Michael Joseph Kilroy's Motion for Approval of Compromise Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Compromise Motion"), ECF 149. Prior to the commencement of the instant case, Custodian was appointed by orders from the Superior Courts of California for the Counties of Los Angeles and Riverside as a state court receiver to oversee certain of Debtor's properties. However, the Compromise Motion, which was entered pursuant to the court's order, ECF 166, called for, among other things, the properties that Custodian was overseeing to be turned over to the bankruptcy estate and for the Custodian to be discharged from his duties, both of which have since been done as represented by the parties at the November 24, 2015 hearing before the court. Accordingly, the Application seeks to authorize employment of E&C retroactively.

The initial hearing on the Application was conducted on November 4, 2015. Dawn Coulson of the law firm of E&C appeared for Custodian. David Neale of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. appeared for Debtor. The court heard argument at the November 4, 2015 hearing and continued the hearing to November 24, 2015 to afford the parties the opportunity to engage in settlement negotiations regarding how E&C can be paid for the services it performed for Custodian. The continued hearing was held on November 24, 2015. Jeffrey Cohen of the law firm of E&C appeared for Custodian. David Neale of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P.

1  appeared for Debtor.  Peter Morrison of Squire Patton Boggs LLP appeared for creditor
2  Lloyds TSB Bank.
3        Having considered Custodian's Application, Debtor's opposition, Custodian's reply,
4  the declarations and exhibits attached thereto, and the oral arguments of the parties at
5  the hearings on the Application, the court denies the Application for the reasons stated
6  below.
7        Under 11 U.S.C. § 330(a)(1), "After notice . . . the court may award to . . . a
8  professional person *employed under section 327* . . . (A) reasonable compensation . . .
9  and (B) reimbursement for actual, necessary expenses." (emphasis added).  The court
10 begins its analysis with the language of the statute.  *United States v. Ron Pair*
11 *Enterprises, Inc.,* 489 U.S. 235, 241 (1989) ("The task of resolving the dispute over the
12 meaning of [a statute] begins where all such inquiries must begin: with the language of
13 the statute itself.") (citation omitted).  "[W]here . . . the statute's language is plain, the sole
14 function of the courts is to enforce it according to its terms." *Id.* (citation and internal
15 quotation marks omitted).  "[C]ourts must presume that a legislature says in a statute
16 what it means and means in a statute what it says there . . . When the words of a statute
17 are unambiguous, then . . . judicial inquiry is complete." *Connecticut National Bank v.*
18 *Germain,* 503 U.S. 249, 253–254 (1992) (citation and internal quotation marks omitted).
19 The plain language of 11 U.S.C. § 330 indicates that the provision is unambiguously a
20 compensation statute that authorizes compensation to, among others, a professional
21 person already employed under 11 U.S.C. §§ 327 or 1103.  Accordingly, although 11
22 U.S.C. § 330 could hypothetically provide for E&C's compensation, it would not provide
23 for E&C's employment since it is not a statute for employment of estate professionals.
24 Further, even if E&C were only seeking compensation under 11 U.S.C. § 330, E&C has
25 not yet been employed under the applicable employment statutes, 11 U.S.C. §§ 327 or
26 1103, and therefore would be ineligible for such compensation.  Therefore, based on the
27 plain meaning of the statute, 11 U.S.C. § 330, the court denies the Application.
28

3

At the November 24, 2015 hearing, E&C argued that because it was employed pursuant to 11 U.S.C. § 330 in the related bankruptcy case of *In re Domum Locis, LLC*, 2:14-bk-23301-RK, ECF 113, E&C should be employed pursuant to 11 U.S.C. § 330 in the instant bankruptcy case.  First, the court notes that the court approved E&C's employment application in *Domum Locis* under 11 U.S.C. § 330 because the application was unopposed, *see* Local Bankruptcy Rule 9013-1(h)(failure to file a timely opposition to a motion or application may be deemed consent to granting or denial of the motion or application), and based on the legal authorities discussed above, it appears that such application was improvidently approved.  The court should not compound the error here. *See* Ralph Waldo Emerson, *Essays: First Series,* "Self-Reliance" (1841)("A foolish consistency is the hobgoblin of little minds . . . ."), *reprinted at,* Ralph Waldo Emerson Texts*, www.emersoncentral.com/self-reliance.htm* (accessed on December 4, 2015). Second, even if the order approving E&C's employment application in *Domum Locis* was proper, the cases are factually distinguishable.  In *Domum Locis*, nearly all of the bankruptcy estate's assets were subject to Custodian's oversight.  Declaration of Dawn M. Coulson, 2:14-bk-23301-RK, ECF 94 at ¶ 5; Summary of Schedules, 2:14-bk-23301-RK, ECF 23 at 2-5; Declaration of Dawn M. Coulson 88, 2:15-bk-15708-RK at 2-3.  In the instant bankruptcy case, Debtor's bankruptcy estate includes multiple partnership and LLC interests involved in commercial real estate, ECF 42 at 13-14, which were never subject to Custodian's oversight.  Accordingly, because Custodian's powers are *in rem*, *see, e.g., Nichols v. Superior* Court *of Los Angeles County*, 1 Cal.2d 589, 598-599 (1934), and because the bankruptcy estate in this case includes substantial property interests that were never subject to Custodian's powers, and thus, he was not the Custodian of these other interests, the court determines that it does not make sense for Custodian to employ counsel on behalf of the bankruptcy estate here.

As *Collier on Bankruptcy* has commented:

> The basic premise . . . that a "continued" custodian under section 543(d)(1) is the "functional equivalent of a trustee," is flawed.  Prepetition custodians

who continue to serve postpetition are charged with and limited to the preservation and care of the property under their control in accordance with the orders governing their appointment. Such custodians have no responsibility for the administration of the bankruptcy case or any other duties otherwise imposed by the Code upon a trustee or debtor in possession.

4 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 543.05 at 543-18 (16th ed. 2015). Here, although Custodian was granted relief from turnover of assets in his custody as state court receiver in this case under 11 U.S.C. § 543, ECF 70, Custodian has not put forth sufficient legal authority or evidence to establish that Debtor's bankruptcy estate is liable *in personam* for expenses that Custodian incurred in connection with the performance of his duties under the state court receivership orders. Therefore, the court determines that Custodian's application to employ counsel should be denied.

Finally, the court observes that although 11 U.S.C. § 330 is not the appropriate mechanism for E&C to seek employment or compensation from the estate, if Custodian wants to later file an application for allowance of his counsel's fees as an administrative expense, he can do so, and such application will be duly considered by the court pursuant to 11 U.S.C. § 503.

For the foregoing reasons, the Application is denied.

IT IS SO ORDERED.

###

Date: December 4, 2015

Robert Kwan
United States Bankruptcy Judge