DAVID L. NEALE (SBN 141225)
J.P. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email:  DLN@LNBYB.COM; JPF@LNBYB.COM

Attorneys for Chapter 11 Debtor
and Debtor in Possession

FILED & ENTERED

NOV 14 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**CHANGES MADE BY COURT**

<u>NOT FOR PUBLICATION</u>
**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MICHAEL JOSEPH KILROY,<br><br>    Debtor and Debtor in Possession. | Case No.: 2:15-bk-15708-RK<br><br>Chapter 11 Case<br><br>**ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD FOR OBTAINING ACCEPTANCES OF A PLAN OF REORGANIZATION**<br><br><u>Hearing</u>:<br>Date:   November 9, 2016<br>Time:  11:00 a.m.<br>Place:  Courtroom 1675<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

A hearing was held on November 9, 2016 at 11:00 a.m. before the Honorable Robert N. Kwan, United States Bankruptcy Judge for the Central District of California, Los Angeles Division, in his Courtroom "1675" located at 255 East Temple Street, Los Angeles, CA 90012 to consider the *Motion to Extend Debtor's Exclusivity Period for Obtaining Acceptances of a Plan of Reorganization* (the "Motion") [docket entry no. 299] filed by Michael J. Kilroy, debtor and debtor-in-possession in the above-captioned case (the "Debtor").  Capitalized defined terms used in this Order have the same meanings as ascribed to them in the Motion unless otherwise stated with specificity or implied by context.  Appearances were as noted in the record of the hearing.

1

Upon consideration of the Motion, the memorandum of points and authorities and Declaration of Michael J. Kilroy in support thereof, the *Opposition to Motion to Extend Debtor's Exclusivity Period for Obtaining Acceptances of a Plan of Reorganization* (the "Opposition") [docket entry no. 301] filed by Nahas Enterprises, Inc. ("Nahas"), the *Reply to Opposition to Motion to Extend Debtor's Exclusivity Period for Obtaining Acceptances of a Plan of Reorganization* [docket entry no. 308] filed by the Debtor, it appearing that notice of the hearing on the Motion was proper and adequate under the circumstances, and based upon the reasoning set forth in the Court's tentative ruling as reproduced herein:

> Grant debtor's motion to extend exclusivity to propose a plan and solicit votes for the reasons stated in the moving and reply papers. As stated by the Bankruptcy Appellate Panel of the Ninth Circuit in In re Henry Mayo Newhall Memorial Hospital, 282 B.R. 444 (9th Cir. BAP 2002), "a transcendent consideration is whether adjustment of exclusivity will facilitate the case forward towards a fair and equitable resolution." 282 B.R. at 453, citing, In re Dow Corning Corp., 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997). As further stated by the Bankruptcy Appellate Panel, the "key question" is whether the requested "extension of exclusivity functioned to facilitate movement towards a fair and equitable resolution of the case, taking into account all of the divergent interests involved." Id. In the court's view, the answer is yes. The record in this case supports this conclusion as shown by the existence of various factors identified in the Dow Corning case that the debtor has demonstrated reasonable prospects for filing a viable plan, that the debtor has made progress in negotiations with his creditors, that debtor is paying his bills as they become due and that the existence of good faith progress has been shown. In re Dow Corning Corp., 208 B.R. at 664-665. The facts that support the presence of these factors from the Dow Corning case are the debtor's resolution of a long, difficult litigation dispute with one of his main creditors, Lloyds Bank, the debtor has filed a plan of reorganization which provides for full payment of all creditors within 5 years with a discounted payoff in three years if the creditors vote for that option, the debtor has filed a disclosure statement in support of the plan, has made amendments to address objections and concerns raised by creditors and the court and is in the process to address such objections and concerns to provide adequate information for creditors to vote on the plan, it appears that debtor is current in paying his bills as they become due (i.e., no postpetition arrearages) and the maximum time for plan exclusivity is drawing near anyway (i.e., next month). Based on this record, it appears that the debtor's plan will be authorized for submission to the creditors for a vote shortly, and a further and final extension of plan exclusivity works minimal, if any, prejudice to creditors. Appearances are required on 11/9/16, but counsel may appear by telephone.

2

The Court now adopts this tentative ruling as its final ruling on the motion, and for other good cause appearing therefor, it is hereby

ORDERED, that the Motion is hereby granted in its entirety; and it is further

ORDERED, that the Nahas Opposition is hereby overruled; and it is further

ORDERED, that the exclusivity period for the Debtor to obtain acceptance of a plan of reorganization is hereby extended through and including December 13, 2016.

### 

Date: November 14, 2016

_____
Robert Kwan
United States Bankruptcy Judge