

**FILED & ENTERED**

**SEP 27 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MICHAEL JOSEPH KILROY.<br><br><br><br>Debtor. | Case No. 2:15-bk-15708-RK<br><br>Chapter 11<br><br>**TENTATIVE RULING ON DEBTOR'S MOTION TO RESTRICT ACCESS TO PAPER FILINGS**<br><br>Date:    September 27, 2017<br>Time:    11:00 a.m.<br>Courtroom:    1675 |

The court hereby places on the docket of the above-captioned case its tentative ruling for the Motion of Debtor Michael Joseph Kilroy to Restrict Access to Paper Filings Pursuant to 11 U.S.C. § 107(b) and In Accordance with Settlement Agreement Previously Approved by the Court, filed on September 6, 2017 (Docket Number 441), which was heard as Matter Number 3 on the court's hearing calendar on September 27, 2017 at 11:00 a.m.   The tentative ruling was posted on the court's website on September 26, 2017.  David L. Neale and J.P. Fritz, of the law firm of Levene, Neale, Bender, Yoo & Brill, L.L.P., represent Debtor.

## **TENTATIVE RULING**

The court will exercise its judicial discretion to deny debtor's motion to restrict public access to paper filings in this case consisting of the litigation proceedings involving debtor's objection under FRBP 3007 to the claims of his sister (in her own and as successor in interest to his parents) and related parties based on allegations that he defrauded them by transferring an asset of an entity he sold to them acting under his apparent authority as the former owner of the entity and the resultant settlement approved by the court upon debtor's motion under FRBP 9019 wherein he agreed to pay his sister and related entities $2.8 million to settle this and other disputes approved. In exercising its judicial discretion, the court has considered the instructions of the Ninth Circuit in *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop of Portland in Oregon)*, 661 F.3d 417, 433 (9th Cir. 2011) in construing 11 U.S.C. § 107 "to use care in determining whether documents containing sensitive information affecting a person's privacy interests can be made public over that person's objections."  In this case, debtor contends that the allegations by his sister and related parties that he defrauded them are "scandalous" and should be sanitized upon his request by restricting public access to the litigation proceedings relating to these allegations, construing the language of 11 U.S.C § 107(b)(2) for protecting a person with respect to scandalous or defamatory matter contained in a paper filed in a bankruptcy case as absolute, *citing In re Roman Catholic Archbishop of Portland in Oregon, supra.*

The court does not agree with this contention because the Ninth Circuit in citing *In re Roman Catholic Archbishop of Portland in Oregon, supra*, employed a balancing test in construing the language of 11 U.S.C. § 107(b) and held that requests to "protect"

persons from disclosure of "scandalous" matter in bankruptcy filings are not upheld as absolute as indicating by the circuit's balancing of various factors in deciding to grant relief to prevent disclosures of "scandalous" allegations of sexual abuse by priests in one instance, but deny relief in another instance.   Although the allegations of sexual abuse against both priests was scandalous, the fact that one priest was still active, presenting a potential danger to public safety, outweighed the priest's privacy interests, while the other priest, who was retired, did not present a danger to the public, and thus, relief was granted because the public interest did not outweigh his privacy interests. Thus, the court disallowed the disclosure of discovery material with identifying information about sexual abuse allegations of the retired priest, but allowed disclosure of discovery material with identifying material about sexual abuse allegations of the active priest. 661 F.3d at 433-434.  The court also disallowed the disclosure of a punitive damages memorandum as to both priests since apparently there was an insufficient showing that the public interest outweighed the privacy interests of the priests. *Id.*

In *In re Roman Catholic Archbishop of Portland in Oregon,* 661 F.3d at 426-427, the court specifically looked at three considerations as to whether there was good cause to seal records and protect matter from public disclosure: (1) the bankruptcy court must consider the evidence of particularized harm resulting from the disclosure; (2) the bankruptcy court must determine whether the balance of public and private interests weighed in favor of the interest of the party requesting confidentiality; and (3) whether redaction of identifying information would address the interests of the parties.

In considering these three factors in this case, the court would find that the first factor does not favor debtor because he offers no evidence of any particularized harm from the disclosures he seeks to now restrict.  In his declaration in support of the motion, debtor admits that the disclosures are only "potentially harmful," and he does not specify any particularized harm by the disclosures, and the court finds that his declaration is conclusory and self-serving.

The court would find that the balance of public and private interests does not weigh in favor of the interest of debtor in requesting confidentiality.  As discussed, debtor offers no evidence of any particularized harm from the disclosures.  As recognized in the statute, 11 U.S.C. § 107(a), the general rule is that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  Thus, there is a general right of public access to bankruptcy court records as statutorily recognized by 11 U.S.C. § 107(a), though this general rule is qualified by the specific exception of 11 U.S.C. § 107(b)(2) for "scandalous" and "defamatory" matter.  There is a reason for the general rule for public access to court records, which goes to the integrity of the judicial process for transparency in court proceedings.  In this case, the public has a right to know the nature of the litigation dispute between the parties and the basis for the settlement between them, invoking the power of the court to hear the matter and approve a final settlement between them.  Thus, there is an important and legitimate purpose for public access to the filed court records under 11 U.S.C. § 107(a), which debtor does not address in his papers.

Moreover, the allegations against debtor in the papers filed by his parents and his sister are not so scandalous (i.e., shameful, grossly disgraceful or offensive to a sense of decency or shocking to the moral feelings of the community) to warrant restriction of public access.  *In re Hart*, 516 B.R. 611 (Bankr. D. Idaho 2014), citing, *In re Roman Catholic Archbishop of Portland in Oregon, supra.*  In Hart, the debtor sought to seal and keep confidential terms of a settlement he had with the IRS about a debt dischargeability dispute allegedly nondischargeable as tax evasion over his failure to pay income taxes for 12 years, arguing that this was "scandalous" matter to be kept confidential under 11 U.S.C. § 107(b)(2).  The bankruptcy court disagreed, stating that the allegations about tax evasion were not scandalous matter as such did not rise anywhere near the level of scandal as sex abuse allegations against priests, distinguishing from *In re Roman Catholic Archbishop of Portland in Oregon, supra*.  516 B.R. at 618; see also, *In re Khan,* BAP No. CC-13-1297-DPaTa (9th Cir. BAP 2013)(unpublished opinion)(denying debtor's request to expunge her bankruptcy filing or placing bankruptcy documents under seal under 11 U.S.C. § 107(b)(2) on grounds that her employment prospects were harmed by her bankruptcy filing); *In re Associated Community Services, Inc.*, 547 B.R. 236, 241 (Bankr. E.D. Mich. 2016) and *In re Gordon Properties, LLC*, 536 B.R. 703, 711 (Bankr. E.D. Va. 2015), citing and quoting, *In re City of Detroit*, No. 13-53846, 2014 WL 8396419 at *6 (Bankr. E.D. Mich., Aug. 28, 2014)("Under *Roman Catholic Archbishop of Portland in Oregon*, determining whether matter is scandalous does not involve examining its relevance.  The difficulty with this view is that many papers and pleadings in bankruptcy allege conduct that is arguably disgraceful, offensive or shameful--bad faith, willful and malicious injury, to name only a

few--but which courts would not consider striking because those allegations are relevant to the legal claims that must be resolved."). The court in *Hart* also noted that the particular allegations of tax evasion were of a nonscandalous nature was underscored because there were not only of public record in the bankruptcy case, but also, in related federal court tax litigation proceedings. *Id.* Similarly, the court finds that the fraud allegations against debtor do not rise to same level of scandal in sex abuse allegations in *In re Roman Catholic Archbishop of Portland in Oregon, supra*. In addition, this case does not call for heightened scrutiny as in in *In re Roman Catholic Archbishop of Portland in Oregon, supra,* which involved parties objecting to disclosure of sensitive information who were not parties to the bankruptcy case and had limited notice, and thus, little or no ability to negotiate privacy issues or to challenge the damaging information. In contrast, in this case, the disclosures of sensitive information were made by parties to this bankruptcy case, including debtor and creditors, his sister and related entities, relating to their proofs of claim, claims objections and motion to approve settlement. These parties publicly invoked the jurisdiction of this court to hear and determine the dispute over the allegations which debtor now seeks to restrict access "after the fact" of public litigation. There is a strong public interest in allowing public access to court records which reflect the adjudication of disputes before the court and under the public authority of the court, such as the papers relating to debtor's objection to claims of his sister and related entities and the proceedings before the court to approve the settlement between these parties.

Moreover, in this case, the allegations of fraud against debtor as to his sister and parents have been of public record in this bankruptcy case for at least over 9 months

when debtor filed his objections to the claims of his sister and related parties, if not longer, if the claims by his sister and related entities in 2015 are considered.  Moreover, the allegations are of public record in the state court action by debtor's sister and related entities against debtor, which was filed in 2011, which also underscores the nonscandalous nature of the allegations.  The allegations against debtor of fraud are common in bankruptcy proceedings, and it would be absurd to grant relief to debtor in these circumstances because then every debtor settling a debt dischargeability dispute arising under 11 U.S.C. § 523(a)(2), (4) and (6) would be entitled to sanitization relief under 11 U.S.C. § 107(b)(2).  *See United States v. American Trucking Associations,* 310 U.S. 534, 543 (1940)("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes.  Often these words are sufficient in and of themselves to determine the purpose of the legislation.  In such cases we have followed their plain meaning.  When that meaning has let to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act.").

While the allegations were settled in this case, it does not necessarily mean that there was absolutely no reasonable basis in fact or in law for such allegations, for example, within the meaning of Federal Rule of Bankruptcy Procedure 9011, and that the public should have access to filed papers in which a controversy before the court is raised and resolved to assure the transparency of the judicial process in adjudicating such matters.  See 11 U.S.C. § 107(a).

Finally, the third factor for good cause to keep documents confidential regarding redaction, the court does not see that redaction would serve any useful purpose here.

Papers relating to the allegations have been filed inside and outside bankruptcy court since at least 2015.  The allegations were a live litigation controversy before the court when debtor's sister and related entities filed claims in 2015, and debtor filed his objection to these claims, which controversy was litigated and resolved through public court proceedings of this court.  Since the papers filed were records of these court proceedings, redaction would serve no useful purpose.

Having conducted the careful analysis that the court must engage in to determine debtor's request for privacy as to papers filed with the court under 11 U.S.C. § 107(b)(2), the court will deny the request.  Simply speaking, the public's interest in access to litigation documents filed in judicial proceedings is not outweighed by debtor's private interest in suppressing unfavorable allegations against him.

IT IS SO ORDERED.

**END OF TENTATIVE RULING**

It is hereby ordered that the foregoing tentative ruling be placed on the court's case docket for the above-captioned bankruptcy case.

### 

Date: September 27, 2017

Robert Kwan
United States Bankruptcy Judge